UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JM,<br>*Plaintiffs*,<br><br>v.<br><br>KRISTI NOEM, in her official capacity as Secretary of Homeland Security;<br>U.S. DEPARTMENT OF HOMELAND SECURITY; and<br>TODD LYONS, in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement,<br>*Defendants*. | Case No.  2:25-cv-2896<br><br>**COMPLAINT** |

**INTRODUCTION**

1.	Plaintiff JM is an international student from the People's Republic of China ("PRC"),[1] who has had F-1 student visa status in the US from 2014 – 2018 and again from 2021, until April 4, 2025, when his status was abruptly and unlawfully terminated by Defendants. Plaintiff has never violated any US immigration law, and until last week, he was working in U.S. as a Java developer pursuant to his F-1 student status employment authorization known as OPT, Optional Practical Training.  This employment authorization is authorized for foreign students who have successfully graduated from their course of study, and in fact is a reason that many foreign students chose to attend college in the US.

2.	Plaintiff is one of almost fifteen hundred F-1 students nationwide who also have had their F-1 status abruptly and unlawfully terminated by U.S. Immigration and Customs Enforcement ("ICE") within the last two weeks.[2]  This termination has effectively deprived

---

[1] PV is not Plaintiff's true name; Plaintiff will be filing a motion for leave to proceed under a pseudonym once this case is filed, in order to protect his identity as non-citizen.
[2] See, e.g., https://www.reuters.com/world/us/foreign-students-us-mount-court-challenges-trump-ends-their-legal-status-2025-04-16/  (last visited on April 16, 2025)

1

them of their ability to maintain F-1 status in the United States, terminated their employment authorization, and subjects them to removal proceedings, detention and possible deportation. Almost all of the termination notices in these cases cite to unspecified "criminal records check" as the basis for termination, yet almost none of these students have disqualifying criminal records.  Plaintiff's case is no different.

3.      Plaintiff's only criminal incident was an arrest in Boston in December of 2021, which did not result in a conviction.  In fact, it did not even result in formal charges: the matter was dismissed on a motion from the Commonwealth before Plaintiff was even arraigned.  This arrest is not a basis to terminate his F-1 status, and it does not make him deportable or removable from the US.  Nonetheless, DHS have purported to terminate his F-1 status based on it.

4.      As a result of this termination, of which he was provided no prior notice or opportunity to contest it, JM suddenly has no legal status in the US.  He is now subject to being placed in removal proceedings, detained, and deported.  JM's employment authorization is terminated, and so he can no longer work day-to-day to support himself.  He also can no longer pursue his career in web development, and he may lose his eligibility for long-term employment in his field.  The US is also adversely affected, as it loses the skills which JM and people like him have obtained through their education and training in the US.

5.      Plaintiff now brings this action under the Fifth Amendment to the U.S. Constitution as well as the Administrative Procedure Act ("APA") to challenge ICE's unlawful termination of his student status.

**JURISDICTION AND VENUE**

6.      This Court has jurisdiction over the present action based on 28 U.S.C. § 1331

(federal question), 28 U.S.C. § 1346(b) (federal defendant), and the Administrative Procedures Act (APA) at 5 U.S.C. § 702 (right of review).

7. Defendants have waived their sovereign immunity for suits seeking relief against constitutional and statutory violations. 5 U.S.C. § 702.

8. Venue is pursuant to 28 U.S.C. § 1391(e) because this is a civil action in which Defendants are employees or officers of the United States, acting in their official capacity; and because Plaintiff resides in Jersey City, New Jersey, which is located within the District of New Jersey, and there is no real property involved in this action.

**PARTIES**

9. Plaintiff JM is a native and citizen of the PRC who currently resides in Cliffside Park, NJ. He has most recently been an F-1 student since 2021.

10. Defendant Department of Homeland Security (DHS) is an agency of the US government responsible for administration and enforcement of the nations' immigration laws, including the termination of Plaintiff's status complained of herein.

11. Defendant Kristi Noem is the Secretary of the Department of Homeland Security ("DHS"), and she is sued in her official capacity.

12. Defendant Todd Lyons is the Acting Director of the Immigration and Customs Enforcement ("ICE"), a component of DHS, which is responsible for the purported termination of Plaintiff's status complained of herein.   Defendant Lyons is sued in his official capacity.

**RELEVANT LAW**

13. US immigration law allows certain non-citizens to enter the US and attend specific government-approved colleges and universities on F-1 student visas.  The statutory authorization for student visas is at 8 U.S.C. § 1101(a)(15)(F) and the regulations are at 8 C.F.R.

§ 214.2(f). In order to be eligible for an F-1 visa, the prospective student must first be accepted into an approved school. This acceptance is evidenced by a Form I-120, which the school issues to the student.

14. Once accepted, if the prospective student is outside the US, they apply for a student visa at a US consulate abroad, by filing a Form DS-160 with the Department of State's Consular Electronic Application Center (CEAC), paying an application fee, and attending an in-person interview. If approved, an F-1 visa is issued by the U.S. Department of State, and the person presents themselves for admission at a US port of entry. They can then remain in the U.S. for the duration of their status, even past the expiration date of their visa, provided they continue to maintain status by, inter alia, maintaining a full course load at school and refraining from any unauthorized employment.

15. F-1 students may be eligible for employment authorization under certain specified circumstances. As relevant to this lawsuit, F-1 students are eligible for one year of employment authorization in their field of study at the conclusion of their degree course. This is known as OPT, or Optional Practical Training. C.F.R. § 214.2(f)(10)(ii)(A)(3)  Students in a STEM (Science, Technology, Engineering, and Mathematics) discipline may be eligible for an additional two years' OPT (known as STEM OPT), for a total of three years, after the conclusion of their degree course. C.F.R. § 214.2(f)(10)(ii)(C)

16. DHS created the Student Exchange Visitor Program (SEVP) in 2003, to maintain and collect data regarding nonimmigrant students, as well as to provide approval and oversight to schools authorized to enroll foreign students. Any college or university which wants to enroll foreign students must first obtain approval from SEVP by filing an application for School Certification via SEVIS, a "web-based system" which collects current information for all

nonimmigrant students in the U.S., facilitates applications for F and M visas, and monitors students and educational institutions in the U.S. *See* 8 C.F.R. § 214.3. According to the Foreign Affairs Manual, at 9 FAM 402.5-4(B), "an [F-1 visa] applicant's SEVIS record is the definitive record of student or exchange visitor status and visa eligibility"

17. The regulations at 8 C.F.R. §§ 214.1(e)-(g) set forth the specific conduct by a nonimmigrant which will constitute a failure to maintain status, namely: engaging in unauthorized employment, providing false information to DHS, or engaging in criminal activity. A determination that an F-1 student has engaged in any of these specified actions will result in SEVIS termination.

18. The regulation at 8 C.F.R. § 214.1(g) defines criminal activity which constitutes a failure to maintain status as "conviction . . . for a crime of violence for which a sentence of more than one year imprisonment may be imposed…"

19. A non-immigrant who has failed to maintain their non-immigrant status is deportable, 8 U.S.C. §§ 1227(a)(1)(B), 1227(a)(1)(C)(i). Immigration Courts, however, have no ability to review a SEVIS termination during removal proceedings.

20. In the absence of an F-1 student's conduct causing a status violation, ICE can only terminate SEVIS records under three circumstances: (1) a previously-granted waiver under 8 U.S.C. § 1182(d)(3) or (4) is revoked; (2) a private bill to confer lawful permanent residence is introduced in Congress; or (3) DHS publishes a notification in the Federal Register identifying national security, diplomatic, or public safety reasons for termination. 8 C.F.R. § 214.1(d).

21. There is no administrative appeal from a decision to terminate F-1 status. The termination of a SEVIS record thus constitutes final agency action for purposes of APA review.

**STATEMENT OF FACTS**

22. Plaintiff JM is a twenty-eight-year-old native and citizen of the PRC, who first came to the U.S. in 2014, on a F-1 student visa, to study at Oxford University in Miami, Ohio. He graduated in 2018 with a bachelor's degree in mechanical engineering and returned to the PRC shortly thereafter. In September 2021, seeking to further his education and credentials, Plaintiff returned to the U.S. for a master's degree in information science from Boston University.  He graduated in January 2023, and in March 2023 he was issued one year OPT employment authorization, which he then extended for an additional two years, to March 2026. Throughout that time, he has been working as a Java developer for a major web-commerce platform.

23. In December 2021, Plaintiff was involved in an altercation with his landlord in Boston, where the landlord assaulted him. The police were called, and arrested Plaintiff instead of his landlord. He was never arraigned, and no complaint or indictment was ever filed. After two court appearances, the Commonwealth (and not Plaintiff), moved to dismiss the case. (O'Dwyer Declaration, Exhibit A).   Other than this, JM has never been arrested or had any contact with the criminal justice system.

24. On April 4, 2025, JM received an email from his school telling him that his SEVIS record was terminated.  Upon reviewing his SEVIS portal, Plaintiff noticed that it had been updated to reflect that he had been terminated for "OTHERWISE FAILING TO MAINTAIN STATUS".   The explanation given was: "Individual identified in criminal records check and/or has had their VISA revoked. SEVIS record has been terminated." The portal also stated that his OPT end date had also been changed, to April 4, 2025.  (O'Dwyer Declaration, Exhibit B)  Other than this, Plaintiff has received no notification directly from Defendants

6

regarding his termination, nor any explanation for their actions.

25. In the last two weeks, DHS has similarly revoked the status of almost fifteen hundred foreign F-1 students in the US (the number rises daily), without any notice directly to the student. Instead, the student receives a notification from the school that the student's SEVIS status has been terminated because of a criminal history check or a visa revocation. In many of these cases, an actual criminal history check reveals that criminal charges were dismissed, as they were in this case, and thus are not a basis for a status violation, which under 8 C.F.R. § 214.1(g) would require a conviction for a crime of violence carrying a sentence of one year or more.

26. These terminations are not made after any individualized determination of whether or not a student has violated any immigration laws or otherwise warrants termination. Instead, any student who shows up in a criminal records search is being terminated, regardless of whether or not the criminal record in question provides a legal basis for the termination.

27. This termination has put Plaintiff's education, research, and career trajectory at risk. He is no longer authorized to work, and so may lose his job.

28. This employment is Plaintiff's sole source of income, and without it he may be forced to leave the US and abandon the career he has spent nine years pursuing.

29. This termination of his F-1 status also puts Plaintiff at risk of immediate detention and deportation proceedings.

## CLAIMS FOR RELIEF

**COUNT 1:  VIOLATION OF THE DUE PROCESS CLAUSE OF THE FIFTH AMENDMENT TO THE UNITED STATES CONSITUTION**

30. The foregoing allegations are realleged and incorporated herein.

31. Defendants terminated Plaintiff's F-1 student status under the SEVIS system without (i) notifying him about this termination decision, (ii) telling him why he was terminated; (iii) providing him with an individualized hearing before an impartial adjudicator, and (iv) providing him with adverse evidence and an opportunity to confront and respond to such evidence.

32. The registration in SEVIS of a non-citizen who is in lawful F-1 status, and who complies with the requirements of that status, is governed by regulations which impose mandatory constraints on agency action. Specifically, SEVIS registration can only be terminated if one or more of the events at 8 C.F.R. § 214.1(d) occur. F-1 status, including OPT, can only be terminated occur if the student has violated their F-1 status, which can only happen if they engage in any of the conduct at 8 C.F.R. §§ 214.1(e)-(g). Because SEVIS registration is necessary in order to maintain valid F-1 status, and Plaintiff's ability to continue his OPT requires that he be in valid F-1 status, Plaintiff has a constitutionally-protected property interest in his SEVIS registration as well as his F-1 status.

33. Procedural due process imposes constraints on the government before it acts in a way that deprives individuals of constitutionally-protected property interests. Those constraints require, at a minimum, notice and a meaningful opportunity to be heard.

34. Defendants terminated Plaintiff's SEVIS record and his F-1 status and employment authorization on wholly baseless and improper grounds, without prior notice or explanation and without providing him any advance notice or an opportunity to respond.

35. Defendants' actions thus violated Plaintiff's rights to procedural due process as protected by the Fifth Amendment to the US Constitution.

**COUNT 2:   VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT –
AGENCY ACTION WHICH IS CONTRARY TO CONSTITUTIONAL
RIGHT AND NOT IN ACCORDANCE WITH LAW**

36.   The foregoing allegations are realleged and incorporated herein.

37.   Section 706 of the APA, 5 U.S.C. §§ 706(2)(A), (C)-(D), authorizes a court to set aside agency action that is "not in accordance with law; . . . in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; . . . [or] without observance of procedure required by law."

38.   Defendants notified Boston University that they had terminated Plaintiff's SEVIS records on April 4, 2025, but did not give any reason, not have they provided Plaintiff with any reason.

39.   Plaintiff has a right to know the precise reason his status was terminated, and Defendants' failure to provide him one violates his right to procedural due process.   As a result, Defendants' actions are contrary to constitutional right and are made without observance of the procedure required by law.   Defendants' actions thus violate the APA at 5 U.S.C. § 706(2)(B) and (D).

**COUNT 3:   VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT –
AGENCY ACTION WHICH IS NOT IN ACCORDANCE WITH LAW**

40.   The foregoing allegations are realleged and incorporated herein.

41.   The sole basis given for the termination of Plaintiff's status was a criminal history check and/or a visa revocation.  Neither of these provide a basis for termination of Plaintiff's status.

42.   Termination of non-immigrant status, including F-1 status, for criminal activity requires a conviction for a crime of violence for which a sentence of more than one year imprisonment may be imposed. 8 C.F.R. § 214.1(g). Plaintiff has not committed any such crime.

43. Visa revocation itself is not a basis for termination of non-immigrant status (see 8 C.F.R. §§ 214.1(d)-(g), listing the specific circumstances which will constitute a SEVIS or a status violation).

44. Even if visa revocation were a basis for termination of Plaintiff's status, there is no basis for revocation of Plaintiff's visa. The Foreign Affairs Manual (FAM), which governs the actions of consular officers in connection with visas, provides for visa revocation under certain specified grounds. 9 FAM 403.11. Plaintiff's only arrest did not result in a conviction, and therefore there is no basis for his visa to have been revoked.

45. Defendants' termination of Plaintiffs' SEVIS records is therefore not in accordance with law, exceeds statutory authority, and is without observance of procedure required by law, all of which violate the APA at 5 U.S.C. § 706(2)(A), (C) and (D).

**COUNT 4:  VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT – ARBITRARY AND CAPRICIOUS AGENCY ACTION**

46. The foregoing allegations are realleged and incorporated herein.

47. Section 706 of the APA 5 U.S.C. § 706(2)(A) authorizes a reviewing court to set aside final agency action which is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."

48. Defendants have purported to terminate Plaintiff's SEVIS records, his F-1 status and his OPT, claiming that it is justified by a criminal records check and/or a visa revocation. However, neither a criminal records check nor a visa revocation are a basis for termination of a SEVIS record or F-1 status. Instead, those terminations are governed by the regulations at C.F.R. §§ 214.1(d)-(g), yet Defendants have not alleged that the conditions required by those regulations have occurred.

49. Defendants' actions in terminating Plaintiff's SEVIS records, F-1 status and OPT

are therefore arbitrary and capricious and violates the APA at 5 U.S.C. § 706(2)(A).

## **PRAYER FOR RELIEF**

Plaintiff asks that this Court grant the following relief:

A. Assume jurisdiction over this matter;

B. Declare that Defendants' termination of Plaintiff's F-1 student status violated his Fifth Amendment right to due process and the Administrative Procedures Act;

C. Direct Defendants to reinstate Plaintiff in SEVIS and to reinstate his F-1 status and employment authorization effective April 4, 2025;

D. Issue an injunction requiring Defendants to provide an individualized hearing before an impartial adjudicator for Plaintiff in which he will be entitled to review any adverse evidence and respond to such evidence prior to any termination of his SEVIS record and F-1 student status;

E. Enjoin Defendants from detaining Plaintiff during the pendency of the instant case;

F. Award Plaintiff attorney's fees and costs; and

G. Order any further relief this Court deems just and proper.

Dated:  New York, New York,
         April 18, 2025

_/s__ Alexander Rossebo
Alexander Rossebo
Attorney for Petitioner
Law Office of Paul O'Dwyer PC
11 Broadway, Suite 715
New York NY 10004
(646) 230-7444
alex@paulodwyerlaw.com


_/s__ Paul O'Dwyer
Paul O'Dwyer
Attorney for Petitioner pro hac vice
Law Office of Paul O'Dwyer PC
11 Broadway, Suite 715
New York NY 10004
(646) 230-7444
paul.odwyer@paulodwyerlaw.com